UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO COLON JR., | |
| Plaintiff, | |
| -against- | 19-CV-10382 (CM) |
| WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, | ORDER OF DISMISSAL |
| Defendant. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that Defendant discriminated against him based on his religion. By order dated November 18, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Francisco Colon Jr. brings this complaint alleging that the Westchester County Department of Corrections (WCDOC) discriminated against him on the basis of his religion, in violation of Title VII. Plaintiff identifies his religion as "Catholic/[illegible]." (ECF No. 2 at 3.)[1] Although Plaintiff names the WCDOC as a Defendant, he indicates that he was employed at St. John's Riverside Hospital (SJRH). (*Id.*). On his IFP application, Plaintiff indicates that he is "employed full time as a counselor for St. John's Riverside Hospital." (ECF No. 1 at 2.) He alleges that an incident of workplace violence occurred on February 8, 2019. Plaintiff attaches to

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

his complaint a copy of a notice of right to sue, as proof that he has exhausted his administrative remedies with respect to his employment discrimination claims against the WCDOC.

A review of the Court's records reveals that Plaintiff has a pending employment discrimination action against SJRH. *See Colon v. St. John's Riverside Hosp.*, ECF 1:19-CV-5846, 2 (S.D.N.Y. filed June 20, 2019) (*Colon I*). By order dated October 15, 2019, Plaintiff was directed to amend his complaint in that case to detail his employment discrimination claims. *See* ECF 1:19-CV-5846, 9. Plaintiff filed an amended complaint on November 5, 2019, the same day he filed this complaint. In his amended complaint in *Colon I*, Plaintiff includes allegations about the February 8, 2019 incident of workplace violence. *See* ECF 1:19-CV-5846, 10 at 5 – 9.

## DISCUSSION

**A.      Employment Discrimination**

Title VII prohibits an employer from discriminating against its employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that the employer took adverse employment action against him, and that his race, color, religion, sex, national origin, age or disability was a motivating factor in the employment decision. *See e.g. Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009). The statutes provide only for the liability of an employer and other covered entity, such as employment agency, labor

3

organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e–2 (Title VII). A claim under an antidiscrimination statute is premised on the existence of an employer-employee relationship. *See Gulino v. New York State Educ. Dep't.*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of [a] Title VII claim[ ].").

Courts have construed the definition of "employer" broadly under Title VII, *see Dortz v. City of New York*, 904 F. Supp. 127, 144 (S.D.N.Y. 1995), to "encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment," *E.E.O.C. v. Sage Realty Corp.*, 507 F. Supp. 599, 611 (S.D.N.Y. 1981). For example, "'an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability . . . on the constructive employer, on the theory that this other entity is the employee's joint employer.'" *Tate v. Rocketball, Ltd.*, 45 F. Supp. 3d 268, 273 (E.D.N.Y. 2014) (quoting *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)) (ellipses in original); *see also N.L.R.B. v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir. 1994) ("A joint employer relationship may be found to exist where there is sufficient evidence that the [joint employer] had immediate control over the other company's employees.). In addition, a plaintiff can assert claims against a defendant who is not the plaintiff's *direct* employer, where the plaintiff can "establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (emphasis added) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000)).

Plaintiff's employment discrimination claims must be dismissed, because the facts alleged do not suggest that he has or ever had an employment relationship with the WCDOC. Plaintiff does not allege that he was employed by, or sought employment from the WCDOC, or that the WCDOC controlled the terms, conditions, and privileges of his employment or compensation such that it should be considered Plaintiff's employer. Nor does Plaintiff allege facts suggesting that the WCDOC is a labor union, an employment agency, or that a connection exists between the WCDOC and Plaintiff's employer sufficient to constitute an integrated enterprise or a joint employment relationship. Plaintiff's allegations do not suggest any "plausible employment relationship" between the WCDOC and Plaintiff. *O'Connor*, 126 F.3d at 115. Plaintiff therefore fails to state an employment discrimination claim under Title VII, against the WCDOC and his claims must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment and because any employment claims he seeks to raise are already the subject of another case, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, transmit a copy of this order to Plaintiff,[2] and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff consents to receive electronic service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 25, 2019
        New York, New York

                                              COLLEEN McMAHON
                                       Chief United States District Judge